# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPRESSION LEASING SERVICES, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>ROCHA TRUCKING & PARKING, INC., et al.,<br><br>    Defendants. | CASE NO. 10cv1939-LAB (BGS)<br><br>**ORDER DENYING MOTION TO DISMISS UNDER DOCTRINE OF *FORUM NON CONVENIENS*** |

This case arises out of a road accident that occurred in Mexico. Plaintiff Compression Leasing Services, Inc. ("Compression") hired Defendant Rocha Trucking and Parking ("Rocha"), a California company, to transport a compressor from Calexico, California to Valle de Las Palmas, Mexico. The compressor was loaded onto the truck in California and driven into Mexico without incident. While Defendant Marco Antonio Carmona Ortiz was driving it south of Tecate, Mexico when he lost control of his truck, causing the compressor to fall off. The complaint alleges the compressor was not adequately secured when it was loaded, and that Carmona's negligent driving also caused the accident which damaged the compressor. Although not named as a party, St. Paul Fire & Marine Insurance is apparently a party in interest. St. Paul paid Compression for most of the cost of the compressor, and Compression is seeking to recover that amount as well as $25,000 of uninsured loss due to

its deductible. Carmona's employer Transportes Internacionales Celjor S.A. de C.V. ("TIC"), a Mexican company, is also named as a Defendant but neither TIC nor Carmona have answered or appeared. The complaint identifies diversity as the basis for the Court's exercise of jurisdiction.

Defendants have moved for dismissal based on the doctrine of *forum non conveniens*, arguing that this case should be tried in Mexico. They have agreed to accept service if this action is filed in Mexico. Application of this doctrine is governed by the factors set forth in *Gulf Oil v. Gilbert*, 330 U.S. 501, 509–10 (1947). The Court is also mindful of the purpose of the doctrine, and guidance for its application, set forth in *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216 (9th Cir. 2011). As pointed out there,

> The doctrine of *forum non conveniens* is a drastic exercise of the court's "inherent power" because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case. . . . Therefore, we have treated forum non conveniens as "an exceptional tool to be employed sparingly," and not a "doctrine that compels plaintiffs to choose the optimal forum for their claim." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir.2002) (quoting [*Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)]) (internal quotations omitted). The mere fact that a case involves conduct or plaintiffs from overseas is not enough for dismissal. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181–82 (9th Cir. 2006) ("Juries routinely address subjects that are totally foreign to them, ranging from the foreign language of patent disputes to cases involving foreign companies, foreign cultures and foreign languages.")

*Id.* at 1224. This holding makes clear the doctrine will be applied only in exceptional cases, not merely for the sake of increasing convenience, but where the chosen venue is decidedly inconvenient, perhaps even chosen for the sake of its inconvenience to a defendant. *Id.* Although this opinion does not discuss the application of these standards to the facts of this situation in great depth, the Court has carefully considered the parties' positions as set forth in their briefing, and applied these standards in reaching its decision.

A defendant bears the burden of demonstrating that the doctrine should be applied, because of the availability of an adequate alternative forum, and because the balance of private and public interest factors favors dismissal. *Carijano*, 643 F.3d at 1224. The standard has also been stated more simply as requiring "a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to a plaintiff's

convenience." *Boston Telecommunications Group, Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir.2009). The Court need not rely solely on the pleadings, but may accept declarations outside the pleadings. *See Van Cauwenberghe v. Biard,* 486 U.S. 517, 529 (1988).

The parties do not dispute that Mexico is available as a forum or that Mexican law and the Mexican legal system could provide an adequate remedy; their dispute concerns primarily the private factors, and secondarily the public interest factors.

The complaint alleges that, in Rocha's facilities in California, all Defendants loaded the compressor onto a TIC truck, which Carmona then drove into Mexico where the accident occurred. Compression argues Rocha was negligent in selecting TIC and Carmona, all Defendants were negligent in the way they loaded and secured the compressor, and Carmona was negligent in the manner in which he drove the truck.

For its part, Rocha gives a different story. Rocha says it had no agreement with Compression at all, but that instead there was agreement between Rocha and a customer, Henkels de Mexico S.A. de R.L. de C.V.,[1] for Rocha to transport the compressor. In its answer, Rocha raised as a defense failure to join Henkels as a necessary party, though Rocha has separately moved to dismiss on this basis. In their answer, Defendants say Rocha's driver only transported the compressor into Mexico, where it was safely delivered to TIC for further transportation, and the driver returned in his truck to the U.S. (Answer, ¶ 11.) The answer does not say whether the compressor was unloaded or whether it remained secured on a trailer when delivered to TIC. The answer also alleges that Compression interfered with the Mexican government's investigation of the accident, by paying to have the compressor released from official impound. The Court will assume these pleaded facts to be true for purposes of ruling on this motion, though ordinarily they would be proved by declaration or other competent evidence. For reasons discussed below, whether the pleaded facts are true or not, the Court's ruling would be the same.

/ / /

---

[1] The compressor was to have been delivered to Henkels' facility in Mexico. Rocha says Henkels is a Mexican company. Compression argues Henkels is merely a Mexican affiliate of an American company.

Because the Court is sitting in diversity, it applies the law of the forum state. *Salve Regina College v. Russell*, 499 U.S. 225, 226 (1991) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Although the parties have discussed insurance contracts, insurance plays no real role in this dispute. It may be that the parties owe obligations to third parties, such as insurers, but neither St. Paul nor any other insurer is a party to this action, nor has either party claimed that an insurer is a necessary party. The claims sound in tort, rather than in contract.

Ordinarily a plaintiff's choice of forum is entitled to some deference. Obviously it is not dispositive, or no *forum non conveniens* motion would ever be granted. Where no plaintiff is a resident of the chosen forum, however, the choice is entitled to less deference than otherwise. *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1999). That is the case here: only Rocha is California citizen; Compression is a Wyoming company.

The alleged tort or torts giving rise to Compression's claim for damages allegedly occurred both in California and in Mexico, although the connections to Mexico are stronger. If, as alleged, Rocha improperly secured the compressor when it first left Rocha's facility in California, or if Rocha was negligent in entrusting the compressor to TIC and Carmona, a portion of the tort occurred in California. At the same time, Carmona's and TIC's acts or omissions in Mexico (because of their alleged failure to confirm the compressor was properly secured before it left TIC's facility, or for Carmona's allegedly negligent driving) would have contributed more directly to the damage. It is possible, even accepting the complaint's allegations, that TIC's and Carmona's negligence might serve as an intervening cause and cut off Rocha's liability. The negligent entrustment claim, if accepted, necessarily occurred in both California (where Rocha is) and in Mexico (where TIC and Carmona were). Defenses such as indemnity, spoliation of evidence by Compression, inequitable conduct by Compression after the accident, Compression's failure to mitigate damages, and third-party negligence, are based on alleged events in Mexico.

/ / /

The most relevant corresponding evidence therefore appears to be in Mexico. The accident scene is there, and most witnesses are there. Relevant documents, such as the accident report, are in Spanish, though Compression points out they are available and can be translated. Compression also argues that necessary witnesses can be deposed in Mexico. The accident site has been photographed and can still be inspected or visited by experts or other witnesses. Considering all the likely evidence, it appears the major part would be in Mexico but still obtainable in this action. More importantly, Rocha's briefing focuses on convenience, expeditiousness, and expense, rather than absolute unavailability. The only suggestion of actual prejudice that is supported by evidence is the unavailability of Mexican officials, such as those present at the border crossing and those who investigated the accident. At the same time, there is no showing that these witnesses are hostile or would resist giving evidence, either by deposition or otherwise. considering all the factors raised in the briefing, the Court concludes that although the private factors show Mexico would be somewhat more convenient, they do not show this District is inconvenient enough to meet the standard. *See Gulf Oil*, 330 U.S. at 508 ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")

The public interest factors are of even less help to Rocha. Among these factors are court congestion, imposition of jury duty on a community with no relation to the litigation, and the benefits of deciding local controversies locally. Here, both communities have some relationship to the dispute. The community in this District has an interest in the regulation of businesses located here, while Mexico has an interest in adjudicating claims arising from an accident there. The remaining factors do not weigh strongly either way.

In view of the applicable standards, the Court concludes Rocha has not met its burden of showing why this action should be dismissed pursuant to the *forum non conveniens* doctrine. The motion is therefore **DENIED**.

No later than five calendar days from the date this order is issued, the parties are to meet and confer, and contact the chambers of Magistrate Judge Bernard Skomal to arrange
/ / /

for an early neutral evaluation and a case management conference to set dates, both of which are to be held no later than March 30, 2012.

**IT IS SO ORDERED**.

DATED: March 1, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge